**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RON GATEWOOD,

    Plaintiff-Appellant,

v.

CCIA; WORKERS COMP; PSL;
HOLLY HEALTH CARE SYS.; DR.
GRABOWSKI; DR. PETER S.
QUINTERO; DR. BRIAN REISS; DR.
RICHARD LOEFFLER; DR. ROBERT
I. KAWASAKI; DR. C. D. BAKER,

    Defendants-Appellees.

No. 01-1056
(D.C. No. 00-D-1121)
(Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ron Gatewood brought this pro se action against his former employer, the employer's workers' compensation carrier, and the physicians and other health care providers who treated an alleged work-related injury which Mr. Gatewood sustained in 1993. Although Mr. Gatewood's claims were not clearly set out in his complaint, he appears to allege that after he was injured, he was improperly sent back to work without a work restriction, and that he was then fired without medical benefits. He also appears to contest the denial of his workers' compensation claim and the denial of his petitions in state proceedings to reopen the matter.

Several of the eleven defendants in the case filed a motion to dismiss,[1] alleging that the court lacked subject matter jurisdiction and that Mr. Gatewood had failed to state a claim for relief. The matter was referred to a magistrate judge, who issued a show cause order to Mr. Gatewood directing him to show why, in light of his failure to establish federal jurisdiction or set out a claim for relief, sanctions should not be imposed against him under Fed. R. Civ. P. 11 for his pursuit of baseless and frivolous claims. Mr. Gatewood's response did not address the problems with his pleading pointed out to him in the show cause order. The magistrate judge subsequently issued a report and recommendation

---

[1] The magistrate judge observed that the defendants who did not respond apparently had not been served with a summons and complaint.

that the motions to dismiss be granted and that the claims against the remaining defendants be dismissed as a sanction under Rule 11. After a de novo review, the district court adopted the report of the magistrate judge.

Mr. Gatewood appeals, and we affirm, substantially for the reasons set out in the magistrate judge's report and recommendation. We have carefully reviewed the record, and we are in agreement with the report's conclusion that Mr. Gatewood has not shown either federal question or diversity jurisdiction. We further agree that he has failed to state any basis for a claim against the moving defendants. Finally, we conclude that the dismissal of Mr. Gatewood's claims against the remaining defendants is an appropriate sanction in light of these proceedings.

The judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge